IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOEL LOPEZ,

                                                                    ORDER
                        Petitioner,

                                                              09-cv-577-slc[1]

          v.

WARDEN C. HOLINKA,

                        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Joel Lopez has filed a petition for a writ of habeas corpus under 28 U.S.C.

§ 2241 and has paid the $5 filing fee.  He contends that the Federal Bureau of Prisons failed

to properly calculate the time remaining on his sentence after he received a sentence

reduction in April 2009.

I cannot consider the merits of the petition because petitioner concedes that he has

not exhausted his administrative remedies.  Although § 2241 does not include an exhaustion

---

[1]  While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker.  At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the purpose of issuing this order, I am assuming jurisdiction over the case.

1

rule, the Court of Appeals for the Seventh Circuit applies one under common law.  Sanchez

v. Miller, 792 F.2d 694, 697 (7th Cir. 1986).  Petitioner argues that the exhaustion

requirement should be excused in this case because the Assistant United States Attorney in

the underlying criminal case has already rejected petitioner's argument in a letter to the

sentencing judge after petitioner complained to the judge about the bureau's computation

of his sentence.  Petitioner cites Iddir v. INS, 301 F.3d 492, 498 (7th Cir. 2002), for the

proposition that an exception to the exhaustion requirement exists when "appealing through

the administrative process would be futile because the agency is biased or has predetermined

the issue."

Since Iddir, the court of appeals has recognized that "the hurdle is high" for showing

futility or any other exception to the rule.  Richmond v. Scibana , 387 F.3d 602, 604 (7th

Cir. 2004).  In Richmond, the court held that the futility exception did not apply even

though the Department of Justice (which encompasses the Bureau of Prisons) had issued a

memo rejecting the petitioner's position.  Id.

I cannot conclude that the letter cited by petitioner shows that it would be futile to

seek relief through the administrative process.  The primary argument in the letter from the

Assistant U.S. Attorney is that the judge should not consider petitioner's argument because

he had not exhausted his administrative remedies.  (According to the docket sheet in United

States v. Lopez, 03-cr-1102-DLC-5, the court has not yet taken any action on the letters,

2

which were filed in June and July.  The fact that petitioner has a pending request to intervene before another judge is an additional reason to avoid hasty action in this case.) In any event, I cannot equate a letter from one Assistant U.S. Attorney as a showing that "the agency is biased or has predetermined the issue."  Before petitioner may obtain relief in this court, he must complete the administrative grievance process set forth in 28 C.F.R. §§ 542.10-19.


ORDER

IT IS ORDERED that the petition for a writ of habeas corpus filed by Joel Lopez under 28 U.S.C. § 2241 is DISMISSED for petitioner's failure to exhaust his administrative remedies.

Entered this 9th day of October, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

3